UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | |
|---|---|
| THOMAS PHILLIP BELL,<br><br>Plaintiff,<br><br>vs.<br><br>JUDGE JOHN L. BROWN, Judge at Hughes County Teen Court, in individual and official capacity; KIAH MARSHALL, in individual capacity; and DURAL C. GROSS, Detective Officer at Hughes County, in individual and official capacity,<br><br>Defendants. | 3:25-CV-03011-RAL<br><br><br>OPINION AND ORDER TO DISMISS ON SECTION 1915A SCREENING |

Plaintiff Thomas Phillip Bell, an inmate at the Marion County Jail in Indianapolis, Indiana, filed a pro se civil rights lawsuit along with a motion for leave to proceed in forma pauperis. Docs. 1, 2. This Court granted Bell leave to proceed in forma pauperis, Doc. 21, and now screens his complaint pursuant to 28 U.S.C. § 1915A.

I.     **1915A Screening**

A.     **Factual Background as Alleged by Bell**

Bell's complaint pertains to events occurring in Pierre, South Dakota. Doc. 1 at 1. In Count I of his complaint, Bell alleges that Dural Gross, a detective in Pierre, arrived at Bell's home after Kiah Marshall called the Pierre Police Department. Id. at 4. When additional police officers arrived at Bell's home, they searched his house for two hours. Id. Bell states that he was "[i]ncriminated in [his] original state [he] was born in" and is now "labled [sic] a rapist in Pierre, SD and in the USA" which lowered his income and pushed his family and friends away. Id.

Count II of Bell's complaint appears to arise from events occurring while he was incarcerated in Hughes County, South Dakota. Id. at 5. Bell alleges that during his incarceration in Hughes County, and while a previous case he filed in the District of South Dakota was pending, he was not provided access to a law library.[1] Id. Additionally, Bell claims that he was assaulted by correctional officers after he asked them to turn down the volume on the television. Id. Bell does not provide the names of these officers. Id. Bell also alleges that he got into a fight with another inmate. Id. While Bell alleges that both assaults occurred while he was incarcerated in Hughes County, he does not provide the date on which these assaults occurred. See id. Also in Count II, Bell appears to be alleging that his criminal case "was an[] assertion of fraud" because he "provided evidence beyond conclusory statements in petitions and that [his] state court counsel acted improperly included in the record, Due Process for relief on the merits[.]" Id.

Lastly, in Count III of his complaint, Bell provides the following statement of facts:

> Not only Kiah Marshall but all of these Defendants disabled everything i was attempting to help myself be a better person as and adult male I lost everything i struggled to get to want to keep for a long while I was also having a major medical problem as well[.] This case is becoming to play a big excuse to add into the personal Discrimination that I already live with cases and while I am free i was free from cases for 10 years until this case I sat 10 days in jail from a driver's charge in Ohio and now another 9 years and some months later now charge's that come in my life because of low life's I get incriminated and judged and tormented my social life[.]

Id. at 6 (spelling and grammar errors in original). Bell also appears to allege a state-law claim for stalking. Id.

Bell sues Judge John L. Brown, a former judge in Hughes County, in both his individual and official capacity, stating that Judge Brown "lowerd [sic] the charge of Rape of age women to

---

[1] This previous case was Jefferies/One-Feather Bell v. Sammarone, 3:11-CV-03030-RAL (D.S.D. 2011). See Doc. 1 at 3, 5 (referencing this case and providing the civil filing number).

sexual Explotation [sic] of a Minor He also said some wrongful things[.]" Id. at 2. Bell also sues Kiah Marshall, in her individual capacity only, alleging that she made "untrue" statements and that she "was paid [and] also was a convicted sex offender on the Record in Pierre, SD." Id. Lastly, Bell sues Dural C. Gross, a detective in Hughes County, in both his individual and official capacity. Id.

As relief, Bell requests that he be removed from the sex offender registry, receive $1 million for every year he was labeled as a sex offender, and have his house in Pierre, South Dakota, returned to him. Id. at 7. Bell requests that this Court overturn the state judgment, presumably related to his criminal conviction, and that the police "be charged with fraud & perjury[.]" Id.

### B.  Legal Standard

A court must assume as true all facts well pleaded in the complaint when screening under 28 U.S.C. § 1915A. Est. of Rosenberg v. Crandell, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bediako v. Stein Mart, Inc., 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a *pro se* complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); see also Ellis v. City of Minneapolis, 518 F. App'x 502, 504 (8th Cir. 2013) (per curiam). Civil rights complaints cannot be merely conclusory. Davis v. Hall, 992 F.2d 151, 152 (8th Cir. 1993) (per curiam) (citation omitted); Parker v. Porter, 221 F. App'x 481, 482 (8th Cir. 2007) (per curiam).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). If it does not contain these bare essentials, dismissal is appropriate. Beavers v. Lockhart, 755 F.2d 657, 663 (8th Cir. 1985).

Twombly requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true[.]" Twombly, 550 U.S. at 555 (citations omitted); see also Abdullah v. Minnesota, 261 F. App'x 926, 927 (8th Cir. 2008) (per curiam) (noting complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory (citation omitted)). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). This Court now screens Bell's claims under 28 U.S.C. § 1915A.

C.      **Legal Analysis**

1.      **Count I**

This Court takes judicial notice of the court filings in a previous case filed by Bell in the District of South Dakota, Bell v. Gross, 5:21-CV-05032-RAL (D.S.D. 2021), because this previous case involves the same set of operative facts and contains substantially similar claims as those brought in Count I of Bell's current complaint. Compare Doc. 1, with Bell v. Gross, 5:21-CV-05032-RAL, Doc. 1. See also Stutzka v. McCarville, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records[]").

In his previous case, Bell claimed that Marshall lied to the police when she accused Bell of raping her. Bell v. Gross, 5:21-CV-05032-RAL, Doc. 7 at 2. Bell also claimed that during his state criminal case, Judge Brown was involved in fraud. Id. As a result, Bell alleged that his conviction was unconstitutional and sought to have it removed from his record. Id. He also requested $10 million and that he not be required to register as a sex offender. Id. In its screening order, the Court noted that "[p]ublic records that are outside of the complaint may be considered

4

by the court when they are embraced by the pleadings." Id. at 3–4.  Finding that Bell's criminal

history was embraced by the pleadings, the Court summarized Bell's criminal history in Hughes

County, South Dakota, as follows:

> Bell pleaded no contest to one charge of Sexual Exploitation of a Minor under
> SDCL § 22-22-24.3, and was represented by defense attorney Pat Carlson.  State of
> South Dakota v. Thomas Bell, CR 12-119, Judgment of Conviction.   The
> occurrence that led to Bell's plea happened on or about March 17, 2012.  Id. at 1.
> He was sentenced on January 23, 2015, by Judge John Brown.  Id.  Bell was ordered
> to register as a sex offender.  Id. at 1–2.

Id. at 4.

Further, the Court determined that because the violations Bell alleged in his complaint

related to his criminal charges and conviction from 2012 and 2015, Bell's complaint was barred

by the statute of limitations.  Id. at 2.  As the Court stated,

> A complaint may be dismissed by the court's own motion as frivolous when it is
> apparent the statute of limitations has run.  Myers v. Vogal, 960 F.2d 750, 751 (8th
> Cir. 1992).  While § 1983 does not contain a specific statute of limitations, the
> Supreme Court has instructed courts to apply the most analogous statute of
> limitations to claims made under § 1983.  Wilson v. Garcia, 471 U.S. 261, 266–68
> (1985).  South Dakota adopted a specific statute that provides that civil rights
> actions must be brought within three years after the alleged constitutional
> deprivation occurred or be barred.  Bell v. Fowler, 99 F.3d 262, 266 (8th Cir. 1996)
> (referencing SDCL 15-2-15.2).

Id.

The claims alleged by Bell in Bell v. Gross are substantially similar to the claims Bell

attempts to bring again now in Count I of his complaint, and both complaints revolve around the

same set of operative facts.  Compare Doc. 1, with Bell v. Gross, 5:21-CV-05032-RAL, Doc. 1.

But the Court previously dismissed these claims as frivolous in Bell v. Gross.  5:21-CV-05032-

RAL, Doc. 7.  Therefore, the claims in Count I of Bell's current complaint are also dismissed

without prejudice as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  See Cooper

v. Delo, 997 F.2d 376, 377 (8th Cir. 1993) (per curiam) (affirming a district court's dismissal of a

claim as frivolous when the claim was duplicative of one that was previously dismissed as frivolous pursuant to § 1915 screening).

### 2.    Count II

Liberally construing his complaint, Bell alleges a First Amendment access-to-the-courts claim based on his lack of access to a law library while he was incarcerated in Hughes County and attempting to pursue his claims in Jefferies/One-Feather Bell v. Sammarone, 3:11-CV-03030-RAL (D.S.D. 2012). Doc. 1 at 5. But this access-to-the-court claim is barred by the statute of limitations. As discussed above, because 42 U.S.C. § 1983 does not contain a specific statute of limitations, the United States Supreme Court has instructed courts to apply the analogous state statute of limitations. Wilson, 471 U.S. at 266–68. Under South Dakota law, "[f]ederal civil rights actions must be brought within three years after the alleged constitutional deprivation occurred." Sisney v. Best Inc., 754 N.W.2d 804, 809 (S.D. 2008) (citing SDCL § 15-2-15.2).

Bell filed his complaint in Jefferies/One-Feather Bell v. Sammarone in December of 2011, and the case was closed in 2012. Sammarone, 3:11-CV-03030-RAL, Docs. 1, 15.[2] Because Bell alleges that he did not have access to a law library during the pendency of this case, which was closed in 2012, Bell's access-to-the-court claim is barred by the three-year statute of limitations. While running of the statute of limitations is an affirmative defense, a district court may dismiss a complaint brought by a plaintiff proceeding in forma pauperis as frivolous under 28 U.S.C. § 1915 when, as here, it is apparent the statute of limitations has expired. Myers, 960 F.2d at 751. This Court dismisses Bell's access-to-the-court claim without prejudice as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).

---

[2] This Court entered a judgment of dismissal on March 6, 2012, which was affirmed by the United States Court of Appeals for the Eighth Circuit on May 8, 2012. Sammarone, 3:11-CV-03030-RAL, Docs. 8, 15.

Bell attempts to assert various other claims in Count II as well, including a claim that correctional officers assaulted him while he was incarcerated in Hughes County, a claim that he was assaulted by another inmate, and a Due Process claim arguing that his state court counsel acted improperly. Doc. 1 at 5. But "Section 1983 liability is personal." Jones v. City of St. Louis, 104 F.4th 1043, 1049 (8th Cir. 2024) (citation omitted). When a plaintiff does not allege that a defendant was "personally involved in or had direct responsibility for incidents that injured him[,]" those claims "are not cognizable in § 1983 suits." Martin, 780 F.2d at 1338 (citation omitted). Here, Bell alleges no facts that the defendants in this case were personally involved in or had direct responsibility for what happened while he was incarcerated in Hughes County. See generally Doc. 1. Bell does not allege that Judge Brown, Detective Gross, or Marshall had any involvement in or responsibility for the assaults Bell experienced.[3] See generally id. Bell also does not provide any facts linking the defendants to the acts of his state-court counsel, whom he alleges acted "improperly[.]" See generally id.

Although pro se complaints are to be construed liberally, "they still must allege sufficient facts to support the claims advanced." Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004). A court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded. Id. Therefore, to the extent that Bell intended to assert any claims in Count II of his complaint in addition to his access-to-the-court claim, these claims are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

---

[3] Even if Bell's access-to-the-court claim was not barred by the statute of limitations, it would fail for this same reason. Bell does not provide any facts that Judge Brown, Detective Gross, or Marshall had any connection to Bell not receiving access to a law library during his previous lawsuit and while he was incarcerated in Hughes County. See generally Doc. 1.

7

### 3.    Count III

The only possible claim discernable in Count III of Bell's complaint is a state-law stalking claim. Doc. 1 at 6. Before considering whether Bell has alleged a viable state-law stalking claim, this Court must consider whether it has subject-matter jurisdiction over this state-law claim. See Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987) (stating that district courts should "be attentive to a satisfaction of jurisdictional requirements in all cases." (citation omitted)); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A federal court has jurisdiction over two main kinds of cases: "diversity cases—suits between citizens of different States as to any matter valued at more than $75,000. See 28 U.S.C. § 1332(a). And they have power to decide federal-question cases—suits 'arising under' federal law. § 1331." Badgerow v. Walters, 596 U.S. 1, 8 (2022). A federal court has no jurisdiction over a state-law stalking claim unless there is supplemental or diversity jurisdiction.

"[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff[,]" Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978), and "[t]he burden of persuasion for establishing diversity jurisdiction, of course, remains on the party asserting it." Hertz Corp. v. Friend, 559 U.S. 77, 96 (2010) (citation omitted). Based on Bell's complaint, Brown, Marshall, and Gross appear to be citizens of South Dakota.[4] Doc. 1 at 2. While Bell is currently incarcerated in Indiana, id. at 1, "[w]ith respect to the domicile of prisoners, the traditional rule is that a prisoner does not acquire a new domicile when he is incarcerated in a

---

[4] Bell provides that Brown is a "Judge at Hughes County Teen Court[,]" that Gross is a "Detective Officer at Hughes County[,]" and that the alleged violation of his rights occurred in Pierre, South Dakota. Doc. 1 at 1–2. Bell also describes events involving Marshall that occurred in Pierre, South Dakota. Id. at 4.

8

different state; instead, he retains the domicile he had prior to his incarceration." Severson v. Colich, No. 15-CV-3699 (SRN/TNL), 2016 WL 2746934, at *1 (D. Minn. May 10, 2016) (quoting Jones v. Hadican, 552 F.2d 249, 250 (8th Cir. 1977) (per curiam)). Here, Bell does not allege that he was a citizen of a state other than South Dakota before being incarcerated in Indiana.[5] See generally Doc. 1. Therefore, Bell has failed to meet his burden of establishing the requirements for diversity jurisdiction. The dismissal of Bell's other claims undermines any argument for supplemental jurisdiction over a state-law stalking claim.

Regardless, Bell's state-law stalking claim fails to state a viable claim even if federal jurisdiction existed. SDCL § 22-19A-1, a South Dakota criminal statute that defines stalking, prohibits

(1) Willfully, maliciously, and repeatedly follow[ing] or harass[ing] another person;
(2) Mak[ing] a credible threat to another person with the intent to place that person in reasonable fear of death or great bodily injury; or
(3) Willfully, maliciously, and repeatedly harass[ing] another person by means of any verbal, electronic, digital media, mechanical, telegraphic, or written communication.

SDCL § 22-19A-1. Short of mentioning the phrase "stalking[,]" however, Bell does not provide an intelligible explanation of how the defendants' conduct meets the elements of § 22-19A-1.[6]

---

[5] In his request for relief, Bell requests that his house in Pierre, South Dakota, be returned to him, which suggests that Bell resided in South Dakota before he was incarcerated in Indiana. Doc. 1 at 7.

[6] It is not clear whether SDCL § 22-19A-1 provides Bell a private right of action against the defendants. See Cone v. Orrock, No. 5:22-CV-05087-RAL, 2023 WL 3721103, at *6 n.2 (D.S.D May 30, 2023); see also Danielson v. Huether, No. 4:18-CV-04039-RAL, 2021 WL 217706, at *17 (D.S.D. Jan. 21, 2021); Stanley v. Hall, No. 5:05-CV-05104-KES, 2006 WL 3138824, at *16–17 (D.S.D. Oct. 31, 2006) (denying summary judgment on a stalking claim under SDCL § 22-19A-1 without addressing whether the statute provides a private right of action). Even assuming that Bell does have a private right of action for screening purposes only, Bell fails to state a claim under the statute.

9

Doc. 1 at 6. Bell states that "[n]ot only Kiah Marshall but all of these Defendants disabled everything [he] was attempting to help [himself] be a better person[,]" and that he has been "incriminated and judged and tormented[.]" Id. This is not enough to state a cognizable claim. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." (cleaned up and citation omtited)). Therefore, Bell's state-law stalking claim is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).[7]

## II.    Motion for Review

Bell also filed a "Motion for Review[,]" where he lists various motions he intends to file and purports to "[i]nitiate an investigation of alleged mail fraud[.]"[8] Doc. 9 at 1–2 (spelling and grammar errors in original). Because Bell's claims are all dismissed, this motion is denied as moot.

---

[7] To the extent that Bell intended to allege any other claims in Count III of his complaint, these claims are dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). When a complaint contains "largely unintelligible and incomprehensible allegations [that] fail to provide fair notice of his claims and the grounds upon which they rest[,]" dismissal is appropriate. Batchelder v. I.N.S., 180 F. App'x 614, 615 (8th Cir. 2006) (per curiam).

[8] Although Bell states that he wishes to "[i]nitiate an investigation of alleged mail fraud[,]" it does not appear that Bell intended for this "Motion for Review" to assert a new claim. See generally Doc. 9. To the extent that Bell was attempting to assert any new claims, this Court declines to construe Bell's motion as either an amended complaint or supplemental complaint because it is not clear which, if either, he intended to file.

10

### III.  Conclusion

Accordingly, it is

ORDERED that Bell's claims in Count I are dismissed without prejudice as frivolous under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1).  It is further

ORDERED that Bell's claims in Count II of his complaint are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii) and 1915A(b)(1).  It is further

ORDERED that Bell's state-law stalking claim is dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and that any other claims Bell intended to assert in Count III of his complaint are also dismissed without prejudice for failure to state a claim upon which relief may be granted under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  It is finally

ORDERED that Bell's "Motion for Review[,]" Doc. 9, is denied as moot.

DATED July 21st, 2026.

BY THE COURT:

_____
ROBERTO A. LANGE
CHIEF JUDGE

11